ROBESON *v.* FORD and another.

---

Where it appears, upon a reference before a master, that a judgment debtor has the use of furniture, but the same was bought under a judgment against him and an agent, (a relation,) who lives with the debtor is to protect the possession for the buyer, the court will not, where such agent and buyer are not before the court, direct the debtor to deliver the furniture to a receiver. And his refusal to do so will be treated more as an appeal to the court than as a matter of contempt.

---

JUDGMENT creditor's bill against the two defendants.

On a reference for a receiver and that the defendants should deliver over their property, it appeared that the household furniture of the defendant Samuel D. Ford had been sold by the sheriff; bought by one John Perkins; and left by him with Sarah Ford, the mother of the defendant Samuel D. Ford; and that the latter had the use of it. The master had decided that the furniture should be given up to the receiver. Neither John Perkins nor Sarah Ford were parties. A motion was now made against the defendant Samuel D. Ford for an attachment, because he had not delivered over these effects to the receiver.

*Dec.* 11, 1840.

*Receiver. Possession. Furniture. Debtor and creditor. Judgment debtor.*

Mr. *R. J. Dillon,* for the complainant.

Mr. *N. Hall,* for the defendant Ford.

THE VICE-CHANCELLOR :—The court for the correction of errors have, at length, decided, overruling the previous decisions of the Chancellor and the judges of the Supreme Court, that a want of actual possession and of a continued change in the possession of chattels under a bill of sale, assignment or mortgage is not to be deemed conclusive evidence of fraud, but only presumptive ; so as to cast the *onus* on the party asserting the title when the possession has not accompanied the deed ; and that it becomes a question for a jury to pass upon the point of fraudulent intent or otherwise in the transaction : *Smith* v. *Acker,* 23 Wend. 653.

*June* 22, 1841.

VOL. III.—56

This decision, thus settling the law, changes the aspect of all such cases as the one before the court. What was before held to be conclusive is now to be deemed only presumptive evidence of fraud ;. and the court, as I consider, is left with a discretion as to requiring delivery and the giving possession to a receiver. Such a delivery ought not to be compelled in a case like this, where an agent of the purchaser is shown to be exercising a control over the property, and has the power, at any moment, to step in and assume the actual possession, without first making the purchaser a party to the suit and giving him an opportunity to defend his right and possession.

Under the circumstances disclosed in the papers used on this motion, it will be necessary for the complainant to amend his bill and make Perkins a party to the suit ; and in the meantime and until that is done no order ought to be made for putting the receiver into possession. After the bill is amended, (if the complainant shall think proper to amend,) he will be at liberty to move for an order on Perkins, as well as Ford, to deliver the possession to the receiver. Ford's refusal before the master, as stated in his certificate, was by way of appeal to the court from the master's decision. I do not deem his refusal, therefore, as matter of contempt in the first instance.

The motion for the attachment is denied and the master's decision reversed : the costs may abide the event of the suit.